# EXHIBIT A

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

Court File No. Unfiled
Assigned Judge: Unassigned

---

Lester Ellis,
Plaintiff,

vs.                                                          **SUMMONS**

<u>Midwest Fidelity Services, LLC,</u>
Defendant.

---

THIS SUMMONS IS DIRECTED TO Midwest Fidelity Services, LLC.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    5201 Eden Avenue
    Suite 300
    Edina, MN 55436

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS**

7

**SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 30, 2020          Respectfully Submitted,

                            PETERSON LEGAL, PLLC

                            /s/ Ryan D. Peterson
                            Ryan D. Peterson (#0389607)
                            5201 Eden Avenue, Suite 300
                            Edina, MN 55436
                            (612) 367-6568
                            ryan@peterson.legal

                            ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

Court File No. Unfiled
Assigned Judge: Unassigned

Lester Ellis,
Plaintiff,

vs.

Midwest Fidelity Services, LLC,
Defendant.

# COMPLAINT

PLAINTIFF, as and for his cause of action (i.e., violation of the Fair Debt Collection Practices Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. The following case alleges violations of the federal Fair Debt Collection Practices Act. The defendant, an out-of-state collection agency, demanded payment on a debt that was not owed by Plaintiff. After being informed that Plaintiff was not responsible for the debt, the collection agency continued to harass Plaintiff by placing phone calls to his number. For these reasons, Plaintiff brings the instant lawsuit.

1

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

## Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff Lester Ellis is an adult resident of Hennepin County, Minnesota.

5. Defendant Midwest Fidelity Services, LLC ("MFS") is a foreign limited liability company registered to conduct business in the state of Minnesota.

## Facts

6. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Defendant MFS is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6) because it regularly collects debts owed or alleged owed to another.

8. The dental services that are the subject of this complaint is a "debt" as defined by 15 U.S.C. §1692a(5) because it is a transaction primarily for personal, family, or household purposes.

9. Between 2016 and 2019, Plaintiff's adult son incurred charges for dental work at Brown & Associates, DDS, PLLC, ("Brown & Associates") a dentist's office located in Wilmington, North Carolina.

2

10. While Mr. Ellis's son is on Mr. Ellis's dental insurance policy, Mr. Ellis has never guaranteed or otherwise promised to pay for his son's dental bills.

11. Toward the end of 2019, Plaintiff's dental carrier, Delta Dental, refused to pay Brown & Associates for Mr. Ellis's son's dental treatments.

12. As a result, Plaintiff's son was left with a balance owing to Brown & Associates of nearly $1,500.00.

13. Though he was under no obligation, Plaintiff made a payment on his son's dental account with his credit card in the amount of $1,094.60.

14. Said payment was made on or about December 31, 2019.

15. Despite this one-time payment, Mr. Ellis never promised, guaranteed, or otherwise agreed to make any further payments for his son's dental care.

16. On or about April 13, 2020, Brown & Associates sold, assigned, or otherwise placed the remaining debt in the amount of $257.60 with Defendant for the purposes of collections.

17. On several occasions, Defendant telephoned Plaintiff and demanded that he pay for his son's dental services.

18. Plaintiff explained to Defendant that he wasn't the patient, that he didn't live in North Carolina, and that his son incurred the dental bill.

19. Nonetheless, Plaintiff informed Defendant that he was willing to pay half the amount allegedly due in order to settle the account.

20. In response, Defendant refused Plaintiff's offer and informed him that he was liable for the full amount.

21. Despite knowing that Plaintiff wasn't liable for the account, Defendant has continued to telephone Plaintiff in an effort to annoy and harass him into paying the debt.

3

22.     As of the date of this complaint, Defendant has not mailed Plaintiff the disclosures mandated by 15 U.S.C. §1681g.

23.     As a result of Defendants' conduct, Plaintiff has experienced anger, frustration, and annoyance.

### Specific Claims

#### Count I– Violation of Fair Debt Collection 15 U.S.C. § 1692e(2)(A)

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     By demanding a debt Plaintiff did not owe, Defendant misrepresented the amount, character, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A).

#### Count II– Violation of Fair Debt Collection 15 U.S.C. § 1692f(1)

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     By demanding a debt Plaintiff did not owe, Defendant demanded an amount not authorized by law or contract in violation of 15 U.S.C. §1692f(1).

#### Count III- Violation of Fair Debt Collection 15 U.S.C. § 1692e(10)

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     By demanding a debt Plaintiff did not owe, Defendant engaged in deceptive contact in the attempted collection of a debt in violation of 15 U.S.C. §1692e(10).

### Count IV- Violation of Fair Debt Collection 15 U.S.C. § 1692g

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the disclosures contained therein within 5 days of Defendant's initial communication with Defendant.

### Count V – Violation of the Fair Debt Collection 15 U.S.C. §1692d

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. By calling Plaintiff after he requested it cease doing so, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C. §1692d.

### Jury Demand

34. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages;

    c. Reasonable attorney's fees, litigation expenses, and cost of suit; and

    d. Any other relief deemed appropriate by this Honorable Court.

Dated: June 30, 2020

Respectfully Submitted,

PETERSON LEGAL, PLLC

/s/ Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

ATTORNEY FOR PLAINTIFF

**Acknowledgement**

Ryan D. Peterson, by signing above, acknowledges that costs, disbursements, witness fees, and reasonable attorneys' fees may be awarded, pursuant to Minnesota Statutes § 549.211, for a party acting in bad faith or asserting a frivolous claim.